Oral argument, not to exceed 15 minutes per side. Ms. Rice, for the appellate. Good morning, Your Honor. Deanna Rice on behalf of Appellant Calvin Morgan. With the Court's permission, I'd like to reserve three minutes for rebuttal. You may. Thank you. May it please the Court. This Court must vacate Calvin Morgan's sentence and remand for resentencing because the sentence is plagued by multiple errors, of which I'd like to focus on two this morning, if I may. First, the District Court failed to adequately explain the specific reasons why it imposed a sentence outside the guidelines on the 924C count, which renders Morgan's sentence procedurally unreasonable. Second, Morgan's sentence is also substantively unreasonable because the District Court imposed a 36-month upward variance on the 924C count where the 10-year mandatory sentence already accounts for the harms affected by Morgan's discharge of the weapon. And each of these errors requires remand for resentencing. The latter, when you said it's already accounted for, is that the argument that the mandatory minimum is, in fact, the maximum as well, that it isn't 10 to life, it's just 10, or is this a different way? It's a separate argument. This is the substantive reasonableness argument in the sense that there is no, that the Court hasn't provided an adequate justification. Just at this side, though we've also made the argument. Fine, I've read the other one as well. Thank you. Go ahead. Okay, sure. When a court imposes a sentence outside the guidelines, 3553C2 requires that the Court explain the reasons it selected that sentence with specificity, both in open court and in a written statement of reasons form. And everyone agrees that the District Court made an error in its written statement of reasons here. The Court checked the wrong box on the form and erroneously indicated that it had imposed a sentence within the guidelines and did not complete a separate section of the form applicable where the sentence involves a variance. What do you suggest? Just send it back down and tell the District Court to check the box and then that's the end of it? Because everybody can read the rest of it, and obviously that's wrong. Right. Certainly, if the only problem with the District Court's explanation of the sentence were a single, isolated clerical error, that only he had checked the wrong box and otherwise it were perfectly clear what the District Court's reasoning is, I think that would likely fall in the category of a harmless clerical error where remand wouldn't be necessary. But that's not the situation we have here. Here, in the written statement of reasons form in a separate section, Section 3 of the form, the Court incorrectly identified the guideline sentence on the 924C count as 120 months to life when everyone agreed in the District Court that the guideline sentence for the 924C count is simply 120 months, the statutory minimum. And that, similarly, is not an isolated error. At the resentencing hearing, the Court said, quote, rather, sorry, this is describing a sentence in excess of the statutory 10-year term, quote, wouldn't necessarily be a variance because there's not a guideline range for that count and the statute provides not less than 10 nor more than life. And the Court elsewhere described a 10-year sentence as the bottom of the range for the 924C count. So if we had one place where the District Court misspoke or made a single isolated clerical error, we could perhaps be confident that we understood that the District Court had the guideline sentence right, knew it was sentencing the defendant outside the guidelines, and had explained why it was choosing to do so. But that's not what we have here. You don't think he understood that the 36 months that he added on was, in fact, a variance? I guess I thought there were places where he said, you know, I'm going upward by 36 months. Right, there are places where he said this is a variance and seemed to understand that the 120-month sentence was the guideline sentence after Mr. Morgan's counsel emphasized this at the resentencing hearing. So it seemed, I think, based on the resentencing hearing, that the Court was maybe a bit confused about what the guideline sentence was at the outset. And after hearing argument from counsel, had it straight and imposed a sentence that was an upward variance. But then the Court committed... Is there a procedure allowed to make a correction in a clerical error or error like that without coming up on appeal? I think that this Court in the past has found that errors in the written statement of reasons, if otherwise from the sentencing hearing and other materials, it is clear what the District Court intended to do. This Court has essentially treated that as a harmless error. Still under, I think it's Rule 35, ask the District Court to correct clerical errors, can't you? I believe the answer to that is yes, but I would say the difference here is that it's not clear that this is simply a clerical error. You could have found out if you asked the District Court, couldn't you? Certainly, Your Honor. I take it here, in addition to checking the wrong box in one place, you're asked to explain the facts justifying a sentence outside the guidelines in 6D, but instead he gave reasons under 8 as facts justifying the sentence. Correct, Your Honor. So that if those things had been in 6D instead of 8, then you wouldn't even have that portion of the argument. Right, I think there's a lot of confusion based on the Court's written statement of reasons for him, both about whether he necessarily understood what the guideline sentence is here and also about on what grounds, even assuming he understood that this was a sentence outside the guidelines, on what grounds a sentence in excess of the guidelines would be appropriate on the 924C. Well, he found that there was an intent to kill, that you'd fired shots at head level, not into the ceiling or into the floor. He credited as a factual matter the testimony that he knew these were the police, and in addition to, you know, they were smoking crack with minors and so on. And he talks about all of those things, and he varies upward by 3 years out of 10, so it's like a 30% variance. So how does that go wildly out of line with what's been approved at other times and places? The Court does initially cite, both at the resentencing hearing and in the written statement of reasons, a finding that the defendant acted with specific intent to kill when he discharged the weapon. But then the Court said, even absent that specific intent finding, I would have imposed exactly the same upward variance. And outside of the intent finding points to no specific facts that would distinguish Morgan's conduct from a typical case. And I think the only logical way to interpret that statement is to conclude that the finding of specific intent didn't affect the sentence ultimately imposed, because the sentence would have... I understood it, and correct me if I'm wrong, that number one, I'm not sure, the second one undercuts the first, but that this situation, even if he didn't specifically intend to kill, was extremely dangerous, was more dangerous than the usual discharge of a firearm. I'm not sure that's a fair representation of the District Court's explanation here. The Court said in making the alternate finding that he would have imposed the same sentence regardless. Even taking the defendant at his best day and crediting the argument that he was simply firing warning shots, he would have imposed the same sentence, which I think necessarily undercuts some of the other facts that the Court had used to describe the conduct here. For example, the... ...warning shots are fired in such a reckless manner that they could easily have struck someone. That would be just as much evidence of recklessness as another characterization, wouldn't it? I think certainly nobody disputes that the defendant's behavior in this case was extremely reckless, and I don't think anyone has ever represented anything other than that. But when we're talking about... It really doesn't matter too much if they were warning shots or not, does it? I think when we're talking about a sentence under 924C for discharge of a weapon, necessarily the defendant's conduct is going to be at least reckless. The reason there's such a substantial 10-year sentence under 924C is precisely because there's a substantial risk when somebody discharges a weapon during the commission of a violent crime or a drug crime that somebody will be injured. Well, there's a lot of difference of shooting a gun in the air than it is shooting one in the direction of somebody and hitting the ceiling and everything, falling on his head and so forth. That's pretty close, right? There certainly are meaningful distinctions to be made across cases within the realm of 924C, but as this court recognized in United States v. Stewart, the vast majority of defendants sentenced under 924C are going to be sentenced to the statutory sentence be it 5, 7, or 10 years, depending on the conduct at issue and the separate subsections. And I don't think it's a reasonable interpretation to say that the vast majority of defendants sentenced under 924C are simply firing into the air and representing no danger to others in the close vicinity to them. And the cases in which courts have imposed and the courts of appeal have approved sentences in excess of the minimum on 924C have involved especially severe conduct and typically somebody has been injured in those cases. I think United States v. Stewart, which the government itself cites on the point of substantive reasonableness as a good example of this. In that case, the underlying charge of conviction was bank robbery and the defendant had shot a bank employee at close range in the back of the head and caused devastating injuries to the victim. The court approved an upward variance in that circumstance based on the severity of the conduct, its impact on the victim, the fact that the defendant lacked remorse for his actions. And I think Stewart is plainly outside the heartland contemplated by 924C. But this case, by contrast, fits within the heartland carved out by that 10-year sentence, which is already a significant sentence to impose in addition to the only 18-month sentence on the underlying conduct here. I'm not talking about adding 36 months to the underlying count of conviction. This is in excess of 10 years already going to be added on to that sentence. Well, this thing gets aggravated because these people were yelling police. The police officers all said it was pretty loud, right? Even though I understand the defendant claims he didn't hear that. Setting aside the accuracy and whether the district court's finding of specific intent is justified, which I think we've presented our argument on that front in the brief, and I will elaborate further on that. If we take the circumstances as a whole and even setting aside that circumstance, as we've cited in our brief, there are numerous instances where defendants have been sentenced under 924C for discharge offenses that involved the police shooting directly at police where they could see them and were nonetheless sentenced to the 10-year statutory term. I think your time's expired. You'll have your three minutes for rebuttal. Good morning, Your Honors, and may it please the Court, Paul McCaffrey on behalf of the United States. The district court's sentence in this case was both procedurally and substantively reasonable. The court made clear findings of fact that Mr. Morgan intended to kill the police officers who were entering his apartment. Those findings were based on testimony presented by the officers as well as Mr. Morgan and Mr. Morgan's wife, and the only finding that's disputed here is whether he had the intent to kill as opposed to just recklessly firing a warning shot. They do not dispute the finding of fact that he knew they were police officers, and I think when you take those two facts together, common sense tells you that most people do not fire warning shots at police. They don't try to scare away the police by firing at them at head level, and so the district court's finding that he intended to kill these officers was not clearly erroneous. Once you have that in place, I think that the district court's sentence is substantively reasonable. I mean, again, the standard of review, just to step back on substantive reasonableness, is abuse of discretion. Not could the court have imposed a different sentence, but was he required to impose a different sentence than what he did, and where you have findings that the defendant fired a weapon at head level at police officers who were entering his apartment building, there's a sufficient basis to vary upward from the mandatory minimum of 10 years here. This was not, as Your Honor pointed out, a shot in the air or a shot in the ground. It was two shots at head level at the police officers who were entering his apartment, and on that basis, the sentence we would submit is substantively reasonable, and the court, as the transcript reflects, considered all of the 3553A factors. He specifically considered the need to avoid discrepancies between similarly situated offenders and did so by pointing out the egregious nature of this conduct. What about the various errors in the paperwork here, and especially the one that says that the guidelines range is 120 to life? That is, the statutory range is 120 and up, but I thought the law was pretty clear that the 120 was the guideline range, and you have to vary or depart in order to go above that. That's right. The guideline range is clearly the 120 months, and there's clearly an error in the Statement of Reasons in that it says that the range is... It's not just the Statement of Reasons. I'm looking at Part 3, where the court determination advisory guideline range before departures, and it says imprisonment range 120 to life, which would at least lead to a potential inference that the judge thought he was still within the guideline range by adding on the three years. And I think that inference... It is a potential inference, but I think it's rebutted by the sentencing transcript, which reflects a clear understanding by the court that he was varying upwards in adding the 36 months to the statutory minimum of 120 months. We don't question that there was a clerical error in the Statement of Reasons. Does the government get to see this form that has the various problems on it, where it could try to see that it's corrected, or does the government not see it until later if there's an appeal? Actually, I don't know the answer to that, Your Honor. That's something you guys might want to think about, though, for the future. I would note that there are written findings, an explanation of the sentence in Part 8 of the statement. It should have gone in Part 6, because it is a variance from the guideline range, right? Because 6 is where it says, explain the facts justifying a sentence outside the guidelines. Do you know... I mean, clearly, the district court signs this form, but do you know if the practice in your district is that the probation office fills it out, or does the clerk's office, or does the district judge fill it out himself? I don't know that either, Your Honor. Does it come appended to the judgment? I believe it is appended to the judgment. But as we pointed out in the brief, we're not aware of any case where the sentence was vacated and remanded strictly because of errors in the written statement of reasons. Where the judge has explained his sentence in the transcript, as he did here, where he has provided an explanation, albeit in the wrong place, in the written statement, that is a sufficient basis to satisfy the procedural reasonableness prong of the sentence. You want to say anything about substantive reasonableness? I said, do you? Do you want to rebut her argument on that? I think I was going there earlier, but yes. I mean, the substantive reasonableness test is, was the court required to impose a different sentence, and did he evaluate the 3553A factors? Based on that evaluation, was he required to impose a different sentence, and he was not here. He considered each of the factors. He specifically considered the factor that they object to, which is the need to avoid discrepancies in the sentences of similarly situated offenders. And he found that this defendant, Mr. Morgan, was not the same as the defendant who fires a shot into the air, a true warning shot. The facts were that he fired the shots at the officers, and that that was a basis to vary upwards from the mandatory minimum of 120 months. And he also found that it allowed room to go further if you had an even more egregious offense. Anything else? No, Your Honor, so if you have no further questions, we just ask that you affirm the sentence of the district court.  Ms. Rice, you have three minutes for rebuttal. Rebuttal. Just a couple of quick points in response. First, I don't think anyone disputes that the district court must start its calculation of the sentence with a correct calculation of the guideline sentence under this court's post-booker sentencing protocol. Between the erroneous statements made at the resentencing hearing and the numerous mistakes in the written statement of reasons form, I think we have at best an ambiguous record as to whether the court accurately calculated the guideline sentence as the starting point. And of course, failure to do so would itself be a basis for finding the sentence procedurally unreasonable. In addition, there are not just errors in the statement of reasons here. And I think the cases that the government cites on this point, for example, United States v. Poynter, in which this court said, even though there are some shortcomings in the written statement of reasons, it's otherwise perfectly clear what the district court was doing here at the sentencing hearing. The court clearly articulated the reasons for the sentence, and we're satisfied that we understand what the court was thinking. It's not what we have here. Whereas explained, there are multiple ambiguities in the resentencing hearing that are coupled with the shortcomings of the written statement of reasons. And as this court explained in United States v. Blackie, the requirements of 3553c.2 are independently significant to the sentencing process, such that a failure to adequately explain the sentence is error. In fact, in Blackie, this court found it was plain error, even if the sentence would otherwise be potentially substantively reasonable based on facts involved in the case, and the case of this court wanted to dig into the record and attempt to come up with a justification of its own for the sentence. That's not what 3553c.2 asks. It asks the district court to provide the specific reasons why that court imposed the sentence that it did. And here, the primary justification that the government cites, the court's finding that Mr. Morgan had the intent to kill, the district court all but nullified from its explanation by saying, even if I set that finding aside, I would have imposed the same sentence based on ambiguous concepts of danger to others in the area and the, quote, egregious conduct of the defendant, which, for reasons I think I've explained already, I don't think adequately distinguish Mr. Morgan's conduct from a typical case. The court could have imposed the sentence that way, even without the intent to kill the officer, right? Well, that's what the district court suggests, but I would say that the reasons that the district court pointed to outside of the intent finding do nothing to distinguish Morgan's conduct from a typical case. I think as this court has held, an upward variance is not justified unless the court can point to some factor that distinguishes the case from a typical case under 924c. And again, as this court has recognized, the vast majority of defendants sentenced under 924c will receive that 10-year guideline sentence. Are there other questions? Thank you, Your Honor. The case has been submitted. Ms. Rice, we appreciate your taking this case under the Criminal Justice Act. It's a service to our system of justice. Clerk may call the next case.